IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM PERRIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:15-cv-00850 HEA |
| | ) |
| RUBINBROWN LLP, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL**

Plaintiff seeks documents relevant to Count II of his Second Amended Complaint, which addresses Defendant's alleged unlawful procurement and use of consumer reports in violation of the Fair Credit Reporting Act ("FCRA").  Defendant has refused to provide any responsive documents, contending that Plaintiff's requests are "premature" because the parties have not yet conferred Pursuant to Rule 26(f) since the Complaint was amended, and because Court has not yet entered a scheduling order.  *See* Ex. 1 (filed with Plaintiff's Motion to Compel).  Defendant ignores the facts that: (1)the parties previously conferred pursuant to Rule 26(f); (2) there is no requirement of a second Rule 26(f) conference before discovery may occur; and (3) no scheduling order is needed to trigger the ability to conduct discovery.  Further, Defendant has expressly refused to participate in another Rule 26(f) conference, although Plaintiff has expressed willingness to do so.  Despite discussion and correspondence with counsel, Plaintiff has been unable to obtain the information he has requested and requires to prosecute this suit.  *See* Ex. 2 (Statement of Plaintiff's counsel, with Rule 3.04 compliance letter and emails attached).

**Facts**

Plaintiff filed his lawsuit on April 16, 2015.  After conferring with Defendant pursuant to Rule 26(f) on June 29, 2015, Plaintiff propounded an initial round of discovery.  Defendant's responses to that discovery disclosed what Plaintiff believes to constitute class-wide evidence of wrongdoing, so Plaintiff promptly filed a First Amended Complaint with class allegations on August 26, 2015, and a subsequent Second Amended Complaint on September 30, 2015.

On October 8, 2015, Plaintiff propounded a Second Request for Production to Defendant to obtain documents relevant to his class allegations.  Plaintiff's discovery was relevant and narrowly tailored.  *See* Ex. 1.  As set forth above, Defendant refused to provide any responsive documents, contending that Plaintiff's requests were "premature" – even though Plaintiff's Second Request for Production of Documents was served almost six months after suit was initially filed; more than three months after the Rule 26(f) phone conference among counsel; and after Defendant had already answered an initial round of discovery.

Further, Defendant has steadfastly refused, both in emails and by telephone, to respond to this discovery or even participate in an attempt to schedule discovery and other matters in this case.  *See* Ex. 2.  Plaintiff has expressly offered to confer regarding modification of the scheduling plan, but Defendant now adamantly refuses.  *Id.*

Notably, Defendant has served discovery requests on Plaintiff.

**Argument**

Defendant maintains, without citation, that Rule 26(f) mandates a new conference among parties every time a plaintiff amends a complaint.  Rule 26(f) contains no such language or requirement.  Rule 26(f) refers only to "conference" in the singular.  Defendant also claims that it is relieved of the duty to respond to discovery until a scheduling order is entered by the Court.

However, no such requirement is imposed by Rule 26. In fact, Rule 26(d)(1) provides that parties may seek discovery after a Rule 26(f) conference. Moreover, Defendant's unsupported reason to resist discovery is completely belied by the facts that Defendant answered an earlier round of discovery without a scheduling order in place and Defendant itself propounded its own written discovery without a scheduling order. Simply, Defendant seeks to impose additional conditions on its discovery responses, conditions which are found nowhere in the Federal Rules.

Moreover, Defendant's obstinance is exemplified by its adamant refusal to participate in the same (second) Rule 26(f) conference which it now claims is needed prior to producing its discovery responses.

Defendant concedes that a Rule 26(f) conference took place; indeed, Defendant already has responded to a round of discovery.

In essence, Defendant seeks to unilaterally implement a stay of discovery, but Defendant has failed to request one. A party seeking a stay of discovery bears the burden of persuading the court that a stay is warranted. *Clinton v. Jones,* 520 U.S. 681, 706–08 (1997). A court entertaining a stay of discovery (which Defendant has failed to request from this Court) should consider the interests of judicial economy and efficiency, and the potential prejudice or hardship to the parties. *See, e.g., Timber Point Properties III, LLC v. Bank of Am., N.A.,* 13-CV-03449-S-DGK, 2014 WL 2584825, at *5 (W.D. Mo. June 10, 2014) (discovery permitted before a scheduling order or Rule26(f) conference). In this case, even if Defendant had sought a stay, all such factors support Plaintiff's position. This lawsuit has been on file for many months, and all Plaintiff is trying to do is diligently prosecute it. Discovery should proceed to promote judicial economy and efficiency. Defendant can point to no prejudice or hardship which answering this discovery would occasion. Indeed, Plaintiff's discovery is obviously relevant and narrowly

tailored (seeking clearly pertinent information about Defendant's consumer report practices and policies), and Plaintiff has offered to enter into a protective order to alleviate any privacy concerns held by Defendant. *See* Ex. 1 and 2. Defendant simply has no reasonable excuse to withhold documents responsive to Plaintiff's narrowly tailored and clearly relevant Second Request for Production.

**Conclusion**

For the foregoing reasons, Plaintiff requests the Court compel Defendant to immediately provide full and complete responses to Plaintiff's Second Request for Production and grant him such other relief as the Court deems just.

Respectfully submitted,

/s/ Eli Karsh
Mark Potashnick, MBE # 41315
**WEINHAUS & POTASHNICK**
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

Eli Karsh, MBE # 43061
**LIBERMAN, GOLDSTEIN & KARSH**
230 South Bemiston, Suite 1200
St. Louis, Missouri 63105
Telephone: (314) 862-3333 ext. 13
Facsimile: (314) 862-0605
elikarsh@aol.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  The foregoing was served on attorneys of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

               /s/ Eli Karsh