# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement is made this $\underline{\text{first}}$ day of $\underline{\text{January}}$ , 2018,

by and between Plaintiff William Perrin on behalf of himself and the Class Members as defined

herein and Defendant RubinBrown LLP, subject to Court approval.

## I.    DEFINITIONS

**Agreement:** This Class Action Settlement Agreement including any and all exhibits

hereto.

**Claims:** The term "Claims" as used herein means any and all claims or causes of action

asserted (other than Count I of the Litigation, Plaintiff's individual claim, which Plaintiff and

RubinBrown have addressed separately), or that could have been asserted by Plaintiff in this

Litigation, on behalf of himself and any other individuals, known and unknown, pertaining to the

disclosure, authorization, procuring, and use of consumer reports in connection with employment

or potential employment at RubinBrown, its affiliates, subsidiaries, successors and assigns,

related parties, officers, directors, employees, and agents (hereinafter "RubinBrown"); including

but not limited to all claims under the Fair Credit Reporting Act ("FCRA") and all comparable

federal, state, and local laws.

**Claims Period:** The period between August 27, 2013 and the date of final approval by

the Court of this Agreement.

**Class Counsel:** Mark Potashnick (Weinhaus & Potashnick, 11500 Olive Blvd., Suite

133, St. Louis, Missouri  63141) and Eli Karsh  (Liberman, Goldstein & Karsh, 230 S. Bemiston

Ave., Suite 1200, St. Louis, MO 63105).

**Class or Class Members:** All collective members of the Settlement Class as defined

herein.

**Complaint**: Count II of the Third Amended Complaint filed by Plaintiff William Perrin, on behalf of himself and all other individuals similarly situated, on August 16, 2016.

**Court**: The United States District Court for the Eastern District of Missouri.

**Defendant**: RubinBrown LLP, the named defendant in Plaintiff's Complaint.

**Defense Counsel**: Andrew R. Kasnetz and Narcisa P. Symank, Sandberg Phoenix & von Gontard P.C., 600 Washington Avenue - 15th Floor, St. Louis, MO 63101-1313.

**Incentive Award**: The amount of money to be paid to Plaintiff from the Settlement Fund as set forth in Section V.A. below.

**Litigation**: The lawsuit that Plaintiff filed on May 28, 2015 in the United States District Court for the Eastern District of Missouri and which is currently pending in this Court.

**Net Settlement Fund**:   All funds available to Class Members after deduction of attorneys' fees, litigation costs, settlement administration costs and the Incentive Award.

**The Parties**: The Parties are Plaintiff William Perrin and Defendant RubinBrown LLP.

**Plaintiff**: William Perrin.

**Settlement Administrator**: The firm, person, or entity selected by the Parties, which will be responsible for administering the settlement notice and payments, and related matters set forth within this Agreement.

**Settlement Amount**: The amount of money to be paid to each individual Class Member.

**Settlement Class**: All employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was sought by Defendant and who executed RubinBrown's then-standard FCRA disclosure form on or after August 27, 2013 through the date of final approval by the Court of this Agreement, but excluding any person who previously settled or released all of the claims covered by this settlement, or any person who

2

previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, or any person who excludes himself/herself from the Class.

Settlement Fund: The total amount of money, in the amount of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00), for the purpose of paying the Settlement Amount to the Settlement Class, Class Counsel, the Incentive Award, and the Settlement Administrator, in accordance with the terms of this Agreement.

## II.   FACTUAL RECITATIONS

WHEREAS, Plaintiff alleges in the Litigation that Defendant violated the FCRA by using disclosure and authorization forms that contain extraneous information and thus, procured consumer reports relating to Plaintiff and the members of the Settlement Class without proper authorization, in willful violation of 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA;

WHEREAS, Plaintiff seeks to recover statutory damages, punitive damages, and attorneys' fees and costs for the alleged FCRA violations;

WHEREAS, Defendant denies Plaintiff's claims of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Litigation and specifically asserts that it, in good faith, not only complied with the provisions of the FCRA and other applicable laws but even engaged an independent third-party expert to ensure compliance with the FCRA;

WHEREAS, the Parties have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and on the terms and conditions set forth in this Agreement to avoid protracted and expensive litigation, given the uncertainty and risks inherent in any litigation; and

8497383.1
9046845.1

WHEREAS, the Parties have agreed to the terms of this Agreement after arms-length negotiations by the Parties with representation of counsel and the use of a qualified third-party neutral. This Agreement contemplates: (1) the entry of an Order by the Court approving the settlement and granting monetary relief to Class Members and Class Counsel as set forth in this Agreement; (2) the entry of judgment and Dismissal of the Complaint and the Litigation with prejudice; and (3) the discharge of Defendant's liability for any claims raised in the Litigation and as described herein.

## III.   SETTLEMENT AND RELEASE

### A.   Settlement Fund

In exchange for a full and complete release of claims as set forth in this Agreement, Defendant agrees to pay the gross total amount of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00), including legal fees and costs to Class Counsel as well as an enhanced payment to Plaintiff as class representative, to settle the claims set forth in the Litigation. Each Class Member who opts into the Settlement shall receive an equal share of the Net Settlement Fund.

### B.   Release

Upon final approval of this Agreement by the Court at the final Settlement Hearing, Plaintiff shall take all action necessary to dismiss the Litigation with prejudice in its entirety. The Parties acknowledge and agree that this Agreement is a final and binding resolution of all disputes between the Parties including all claims of Class Members that were, or could have been asserted pertaining to the disclosure, authorization, procuring, and use of consumer reports. Plaintiff and each member of the Settlement Class shall, by accepting payment under this Agreement, release all such claims described in the preceding sentence which accrued through

4

the date of final approval of the Court of this Agreement against Defendant, its affiliates, subsidiaries, successors and assigns, related parties, directors, employees, attorneys, agents, vendors, suppliers, contractors, and clients, known and unknown, related to the procurement or use of any consumer reports in connection with any prospective, current, or former employment with Defendant, its affiliates, subsidiaries, successors and assigns, related parties, directors, employees, attorneys, and agents, including but not limited to all claims under the FCRA and all comparable federal, state, and local laws.

The Parties agree that neither party shall issue a press release regarding the Litigation or this Agreement, or otherwise publicize the Litigation or this Agreement from the date of execution of this Agreement forward, without the express written consent of the other party. However, nothing herein shall prevent or preclude Class Counsel from disclosing their representation of Plaintiff and the Class in the Litigation, and / or the fact of settlement, in their fee applications, personal and firm biographies, and firm websites.

## IV.   APPROVAL AND IMPLEMENTATION OF THIS AGREEMENT

The Parties and their respective counsel shall expeditiously take all steps that may be requested by the Court relating to the approval and implementation of this Agreement and shall work in good faith to obtain Court approval of, and implement this Agreement. The Parties agree to the following:

### A.   Court Approval

With reasonable promptness after execution of this Agreement, Class Counsel and Defense Counsel shall submit to the Court a Joint Motion for Preliminary Approval of Class Action Settlement, to obtain Court Approval of the settlement. The Parties acknowledge and agree that the Court's refusal to either preliminarily or finally approve this Agreement between

the Parties gives either party the option to terminate this Agreement. The Parties, however, agree to make all efforts to amend the Agreement to resolve any issues identified by the Court, without modifying the amount of the agreed Settlement Fund.

B.       Certification of the Class

For purposes of effectuating the settlement of the Litigation only, the Parties agree to jointly request that the Court certify a company-wide preliminary settlement class consisting of the Settlement Class as defined in this Agreement. The Parties agree that should the Court deny certification for settlement purposes, Defendant is not precluded from challenging class certification in this Litigation. The Parties further acknowledge and agree that Defendant shall have the right to terminate the Agreement if more than seventeen and one-half percent (17.5%) of the Settlement Class opts out of the Class.

V.   SETTLEMENT PAYMENT PROCEDURES

A.   Settlement Process

The Settlement Administrator, upon receiving a list of Class Members and their last addresses known to Defendant, shall mail to each member of the Class, by first class mail, the notice of the Litigation and Settlement. This notice shall be in a form substantially similar to that attached as Exhibit A, approved by Class Counsel and Defense Counsel, and shall inform the Class Members that they are a member of the Class, that a settlement has been approved by the Court, and that the individual Class Members may submit a claim form if he or she so desires. All Class Members who do not opt out and are not otherwise excluded from the Settlement Class, as defined herein, shall be considered Class Members bound by the terms of this Agreement.

No later than seven (7) business days after the deadline to submit a claim form or object to the settlement, the Settlement Administrator shall provide Class Counsel and Defense Counsel

6

with a complete list of all persons who have properly opted into the Class. If up to 80 percent of the Class Members submit a claim form, then 74 percent of the Net Settlement Fund shall be split equally between all Class Members who submit a claim form. If more than 80 of the Class Members file claims, then the equivalent percentage of the Net Settlement Fund shall be split equally between all Class Members who submit a claim form. For example, if 90 percent of the Class Members file claims, then 90 percent of the Net Settlement Fund shall be split equally between all Class Members who file claims.

Within twenty (20) business days of the Court's final approval of this Agreement, Defendant shall transfer monies sufficient to fund the Settlement Fund to the Settlement Administrator. Within (10) business days of receipt of the settlement checks, the Settlement Administrator will distribute, in the following order: (1) the Settlement Amount allocated to each Class Member; (2) an Incentive Award to Plaintiff in the amount of Two Thousand and Five Hundred Dollars and No Cents ($2,500.00) as the representative of the Class Members; (3) attorneys' fees to Class Counsel in the total amount of Forty Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($43,333.33), which is thirty-three and one third percent (33 1/3%) of the Settlement Fund; (4) costs to Class Counsel in the amount of Four Thousand Three Hundred and Thirty Tree Dollars and Zero Cents ($4,337.00), and (5) the costs and fees to be incurred in settlement administration by the Settlement Administrator in the amount of $ 8357 . Should any settlement checks be returned as undeliverable, the Settlement Administrator shall run a skip trace in an attempt to locate the missing Class Members who submitted a claim form. With respect to the any remainder of the Net Settlement Fund remaining as of the time the settlement checks are mailed to all Class Members who submit a claim form, as well as sum of any checks that are thereafter returned as undeliverable after the attempt to locate missing class members, and any delivered checks that remain uncashed of the

7

Settlement Funds one hundred eighty (180) days after the initial distribution of the Settlement Amounts said sums will be distributed as follows: up to the first $20,000.00 will be returned to Defendant without any conditions, and any such amount beyond the first $20,000.00 shall be distributed to the following non-for-profit: Legal Services of Eastern Missouri.

B.   Attorneys' Fees and Costs

The Settlement Administrator will pay to Class Counsel their attorneys' fees and reimbursement for litigation costs from the Settlement Fund in the total amount of Forty Seven Thousand Six Hundred and Seventy Dollars and Thirty Three Cents ($47,670.33). Attorneys' fees and costs to Class Counsel are approved under 15 U.S.C. § 1681n(a)(3). The Parties agree that the Court's refusal to approve the request by Class Counsel for attorneys' fees and costs shall not be grounds for terminating this Agreement. Rather, in the event of the Court's refusal of Class Counsel's deduction for attorneys' fees and costs, the Parties have agreed to work together in good faith to resolve any concerns raised by the Court.

C.   Costs and Fees for Administration of Settlement

The Parties agree to communicate in good faith to select a Settlement Administrator that is mutually agreeable to both Plaintiff and Defendant. The Settlement Administrator shall be responsible for completing an address verification and skip trace process as necessary to locate Class Members, mailing the notice of settlement of the Litigation, and administering the Settlement Fund as described in Sections V.A. and V.D. The Settlement Administrator will be paid in fees and costs for administering the settlement, which will be deducted from the Settlement Fund.

C.   Maximum Claims Liability

Under no circumstance shall Defendant be required to pay in excess of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) pursuant to the terms of this Agreement,

8

8497383.1
9040845.1

to settle the claims in the Litigation on behalf of Plaintiff and the Class Members, inclusive of attorneys' fees, litigation costs, settlement administration costs, and the Incentive Award to Plaintiff.

## VI.    FINAL APPROVAL, JUDGMENT, AND DISMISSAL

Upon final approval of this Agreement, a Final Order and Judgment shall be entered dismissing all Claims with prejudice in the Litigation.

## VII.   LIMITATIONS ON USE OF THIS AGREEMENT

### A.    No Admission of Fault

Neither the acceptance by Defendant of the terms of this Agreement nor any of the related negotiations or proceedings is or shall be construed as or deemed to be legal evidence of an admission by Defendant of the representative character of the Litigation, the validity of any of the claims that were or could have been asserted by any of the Class Members in the Litigation, or the liability of Defendant in the Litigation. Defendant specifically denies all wrongdoing and liability against it arising out of all conduct, statements, or omissions alleged in the Complaint.

### B.    No Use as Evidence

Neither this Agreement nor any of its terms shall be offered or received into evidence in the Litigation, or in any other action or proceeding; provided, however, that nothing contained in this Section shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize this Agreement.

### C.    No Collateral Attack

This Agreement shall not be subject to collateral attack by any Class Member or any recipient of the notice after the Final Order and Judgment is entered. Such prohibited collateral attacks shall include claims that a Class Member's Settlement Amount was improperly calculated or adjusted, or that the Class Member failed to timely receive notice, or for any other related

9

reasons. All Class Members shall be enjoined from pursuing and/or seeking to reopen claims of any type based upon the conduct alleged in the Complaint and released herein.

## VIII.   GENERAL PROVISIONS

### A.   Amendments

The terms and provisions of this Agreement may be amended only by a written agreement that is both: (1) signed by the Parties to this Agreement; and (2) approved by the Court.

### B.   Assignment

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and the Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person or entity.

### C.   Governing Law

This Agreement shall be governed by, construed, and interpreted, and the rights of the Parties determined in accordance with federal law. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

### D.   Entire Agreement

This Agreement contains the entire understanding of the Parties hereto in respect of the subject matter contained herein. In case of any conflict between text contained in this Agreement and text contained in any other documents, the text within this Agreement shall be controlling. There are no restrictions, promises, representations, warranties, covenants, or undertakings governing the subject matter of this Agreement other than those expressly set forth or referred to herein. This Agreement incorporates the agreed settlement terms of the Parties and supersedes all

10

8497383.1
9040845.1

other agreements and understandings among the Parties hereto with respect to the settlement of the Litigation, with the exception of any written agreement between the Parties pertaining to Count I of the Lawsuit.

E.    Waiver of Compliance

Any failure of any party hereto to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the party or Parties hereto entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon strict compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to any subsequent or other failure.

F.    Representation by Counsel

The Parties acknowledge that they have been represented by counsel throughout the negotiations which preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel.

G.    Continuing Jurisdiction

Except as otherwise provided in this Agreement, the United States District Court for the Eastern District of Missouri shall have the sole and continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement, to supervise the administration and distribution of the Settlement Fund; and to hear and adjudicate any dispute or litigation arising from alleged breaches of this Agreement.

H.    No Other Attorneys' Fees, Costs, and Expenses

Except as otherwise provided herein, the Parties shall bear the responsibility for their attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this Litigation and shall not seek reimbursement thereof from the other party to this Agreement.

11

Notwithstanding the foregoing, the Parties reserve the right to seek attorneys' fees for enforcing breaches of this Agreement in accordance with applicable law.

I.  Counterparts

This Agreement, and any amendments hereto, may be executed in any number of counterparts and any party hereto may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. It shall not be necessary in making proof of this Agreement or any counterpart hereof to produce or account for any of the other counterparts.

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Settlement Class, and Defendant, by its duly authorized agent, have executed this Agreement as of the dates set forth below:

Plaintiff William Perrin

Dated: 01/01/2018

Approval as to form and content by Counsel:

Dated: 1/1/18

Mark Potashnick

Defendant RubinBrown LLP

Dated: 1/17/18

By: _____

Approval as to form and content by Counsel:

Dated: 1/18/18

Andrew R. Kasnetz

12